Filed 10/8/21  P. v. Reaza CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

RONNIE CRUZ REAZA,

    Defendant and Appellant.

E074012

(Super.Ct.No. RIF113648)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Quisteen S. Shum and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Ronnie Cruz Reaza, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the superior court summarily denied. On appeal, defendant contends the court erred in summarily denying his petition without affording him the opportunity to file a reply to the People's opposition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant was the driver in a drive-by shooting committed with a shotgun; one person was killed and another injured. Officers recovered a shotgun in a vehicle driven by someone who testified that defendant had given him the shotgun. The witness testified defendant told him to keep the shotgun because they had used it to shoot at rival gang members. Defendant admitted to police that he drove the vehicle that night and that his passenger had fired shots at the victims; however, defendant denied knowing in advance that his passenger intended to shoot. (*People v. Reaza*, *supra*, E038773.)

On October 21, 2004, the People charged defendant by felony information with murder (§ 187, subd. (a), count 1), attempted murder (§§ 664, 187, subd. (a), count 2), personally discharging a firearm from a moving vehicle (§ 12034, subd. (c), count 3), personally discharging a firearm at an inhabited dwelling house (§ 246, count 4), and being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 5). As to the count 1 offense, the People further alleged that the murder was intentional and perpetrated by

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] By order dated December 31, 2019, we took judicial notice of the record in defendant's appeal from the original judgment. (*People v. Reaza* (Oct. 11, 2006, E038773) [nonpub. opn.]; see Evid. Code, § 459.)

the discharge of a firearm at another person from a motor vehicle (§ 190.2, subd. (a)(21)); that defendant intentionally killed the victim to further the criminal activities of a criminal street gang while an active participant in a criminal street gang (§ 190.2, subd. (a)(22)); and that a principal personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)).

As to the count 2 offense, the People additionally alleged that a principal personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)) and that defendant committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)). As to counts 1 through 4, the People alleged that defendant committed the offenses for the benefit of, at the direction of, and in association with a criminal street gang. (§ 186.22, subd. (b).)  Finally, the People alleged defendant had suffered a prior strike conviction.  (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).)

The court instructed the jury with aiding and abetting principles (CALJIC No. 3.01) and the natural and probable consequences doctrine (CALJIC No. 3.02).  The court gave the jury "special" instructions that "[a]iding and abetting the perpetrator of a specific intent crime requires that the defendant share the specific intent of the perpetrator. However, an aider and abettor will 'share' the perpetrator's specific intent when he or she knows the full extent of the preparator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime."  "If you find the defendant guilty of Murder as charged in Count 1, or Attempted Murder as charged in Count 2, as an aider and abettor, you need not find the defendant personally

3

premediated and deliberated, provided you find that the shooter did premediate and deliberate." The court also instructed the jury with CALJIC 8.81.22 on the requirements for finding true the intentional killing by an active street gang member special circumstance: "it must be proved: [¶] 1. The defendant intentionally killed the victim . . . ."

During closing argument, the prosecutor told the jury defendant was not the shooter. The prosecutor also discussed the natural and probable consequences doctrine: "But an aider and abettor need not deliberate and premediate. Basically, if the person who commits the actual killing premeditated and deliberated, and therefore, it's first-degree murder, and the defendant aided and abetted a premeditated and deliberate murder, a first-degree murder, he is also liable for first-degree murder as an aider and abettor. He is liable for exactly the same crime as the person who pulls the trigger."

The jury found defendant guilty on all charges, including first degree murder in count 1, and found all enhancement allegations true.[3] The court sentenced defendant to life in prison without the possibility of parole; a consecutive term of 25 years to life; a consecutive sentence of life with the possibility of parole, with a minimum parole eligibility term of 30 years; a consecutive term of 25 years to life; a consecutive term of 30 years to life; and a consecutive term of 16 years four months. (*People v. Reaza*, *supra*, E038773.)

---

[3] Defendant admitted suffering the prior strike conviction.

4

On appeal, defendant contended that the jury improperly convicted him of discharging a firearm at another person from a vehicle, that insufficient evidence supported the gang enhancements, and that the court improperly imposed various aspects of his sentence. In an opinion filed October 11, 2006, this court affirmed the judgment but ordered the determinate term vacated; the cause remanded for resentencing; ordered the court to stay sentence on count 3, including the enhancement; and ordered the court to strike the parole revocation fine. (*People v. Reaza*, *supra*, E038773.)

On January 7, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On March 8, 2019, the People filed a response in which they argued, in part, that defendant was ineligible for relief because he aided and abetted the offenses with the intent to kill. The People noted that the jury had found true two special circumstance findings that required an intent to kill: shooting from a motor vehicle (§ 190.2, subd. (a)(21)) and the first degree murder with an active participation in a criminal street gang special circumstance (§ 186.22, subd. (a)(22)).[4]

At the hearing on April 19, 2019, the public defender noted, "We have not filed a reply. We ask for a 90-day stay." The court ordered the matter stayed. However, the People asked to be heard, to which the court acquiesced. The People noted that the jury had found true two special murder circumstances requiring that defendant had intended to kill the victim. The court summarily denied the petition.

---

[4] The People attached a copy of this court's opinion in *People v. Reaza*, *supra*, E038773, to their response.

II.  DISCUSSION

Defendant contends the court erred in summarily denying his petition.  He maintains that "[g]iven the prosecutor's argument and reliance on natural and probable consequences, it is without a doubt that the jury could have based appellant's conviction on the natural and probable consequences doctrine," thereby entitling him to file a reply to the People's response and, thereafter, requiring an evidentiary hearing.  Defendant also contends that the court erred in failing to indicate its reasons for denying the petition or indicating upon what records it relied.  We disagree.

*A.      Legal Background.*

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'  (Stats 2018, ch. 1015, § 1, subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief."  (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner

was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' [Citations.] Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.'" (*Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

"Where the petition complies with [section 1170.95,] subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief." (*Lewis*, *supra*, 11 Cal.5th at p. 960.) "[O]nly *after* the appointment of counsel *and the opportunity for briefing* may the superior court consider the record of conviction to determine whether 'the petitioner makes *a prima facie* showing that he or she is entitled to relief.'" (*Lewis*, at p. 957, first italics in original, second and third italics added.)

A court may rely on the record of conviction in determining whether a prima facie showing has been made. (*Lewis*, *supra*, 11 Cal.5th at p. 970.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited.

7

Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.""" (*Ibid.*)

"'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.""" (*Lewis, supra*, 11 Cal.5th at p. 971.) "Appellate opinions . . . are generally considered to be part of the record of conviction." (*Id.* at p. 972.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid.*) "In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under [section 1170.95,] subdivision (c)." (*Ibid.*)

B.     *First Degree Murder Conviction.*

In this case, the trial court erred in denying the petition without permitting defendant to file a reply to the People's response. (*Lewis, supra*, 11 Cal.5th at p. 957.) However, the *Lewis* court announced a harmless error standard when a trial court deprives a defendant of his statutory rights under section 1170.95: "[W]e conclude that the deprivation of [the defendant's] right to counsel under subdivision (c) of section 1170.95 was state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818." (*Lewis*, at pp. 957-958.) "[A] petitioner 'whose petition is denied before an order to

8

show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id*. at p. 974.) We presume that standard would also apply to the deprivation of defendant's statutory right to file a reply brief. Thus, defendant has the burden of showing that it is reasonably probable that if he had been afforded the right to file a reply brief, his petition would not have been summarily denied.

Here, the jury found defendant guilty of first degree murder and found true an intentional killing by an active street gang member special circumstance. As the People both in the proceedings below and on appeal argue, the jury's verdict and special finding required that the jury conclude that, although defendant was not the actual killer, he intended the death of the victim. As the jury was instructed, it could not find the intentional killing by an active street gang member special circumstance true unless it found that defendant intended to kill the victim.

Such a finding, even under current law, would render defendant ineligible for relief as a matter of law because the jury's findings establish that defendant was a direct aider and aider of the murder. (*People v. Palacios* (2020) 58 Cal.App.5th 845, 857, review granted Feb. 24, 2021, S266701 ["[D]efendant's record of conviction shows that he directly aided and abetted in the murder," rendering him ineligible for relief.]; *People v. Garcia* (2020) 57 Cal.App.5th 100, 105, 112-113, review granted, Feb. 10, 2021, S265692 [Defendant ineligible for relief where statement of facts in the appellate opinion reflected that defendant was convicted as a direct aider and abettor of the killing.].) Thus,

9

the court's error was harmless because even if permitted to file a reply brief, defendant could not prove it is reasonably probable his petition would not have been summarily denied.

In rendering its decision, we presume the court relied upon the copy of the opinion in the People's response and the People's argument at the hearing made immediately before its ruling. We also presume its reasoning for denying the petition was based upon the People's statement immediately before the court rendered its ruling: that the special circumstance findings reflected the jury's determination that defendant intended to kill. Thus, the court properly denied defendant's petition with respect to the count 1 offense.

C. *Attempted Murder Conviction.*

"By its plain language, section 1170.95 . . . makes resentencing relief available only to qualifying persons convicted of murder." (*People v. Sanchez* (2021) 48 Cal.App.5th, 914, 918; accord, *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; accord, *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105, review granted Nov. 13, 2019, S258175 ["The plain language meaning of Senate Bill 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history."]; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753, review granted Nov. 26, 2019, S258234 ["Senate Bill 1437 does not apply to attempted murder convictions."]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted Mar. 11, 2020, S259948 ["[T]he relief provided in section 1170.95 is limited to

certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184 ["Senate Bill No. 1437 . . . reaches the crime of murder but has no application to attempted murder."]; accord, *People v. Love* (2020) 55 Cal.App.5th 273, 286, review granted Dec. 16, 2020, S265445 ["In our view, Senate Bill 1437's legislative history pretty clearly establishes that its amendments apply to the crime of murder and to that crime alone."]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 ["Senate Bill 1437 does not apply to attempted murder."]; accord, *People v. Harris* (2021) 60 Cal.App.5th 557, 566 ["[R]elief under section 1170.95 is not available to those convicted of attempted murder."].)  We agree with the previous panels of this court in *People v. Sanchez*, *supra*, 48 Cal.App.5th 914, and *People v. Harris* that the plain language of section 1170.95 limits relief to those convicted of murder; no reference to attempted murder appears in section 1170.95.[5]  Thus, the court properly denied defendant's section 1170.95 petition because defendant had been convicted of attempted murder in count 2, not murder.

Three courts have held that Senate Bill No. 1437 does apply to those convicted of attempted murder but only on direct appeal from the judgment:  "[W]e conclude Senate Bill 1437 precludes any imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought.  Because malice cannot be imputed to a defendant who aids and abets a target offense without the

---

[5]  As defendant notes, the issue of whether Senate Bill No. 1437 applies to attempted murder is currently pending before the California Supreme Court.  (*People v. Lopez*, S258175 [2019 Cal. Lexis 8414].)

intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." (*People v. Medrano*, *supra*, 42 Cal.App.5th at p. 1013; accord, *People v. Larios*, *supra*, 42 Cal.App.5th at p. 968 ["Senate Bill 1437's abrogation of the natural and probable consequences doctrine as stated in section 188, subdivision (a)(3) necessarily applies to attempted murder."]; accord, *People v. Sanchez* (2020) 46 Cal.App.5th 637, 644, review granted June 10, 2020, S261768 ["[W]e conclude Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions."].) However, "the section 1170.95 petitioning procedure does not apply to defendants for their convictions of attempted murder . . . ." (*People v. Medrano*, at p. 1008; accord, *People v. Larios*, at p. 961 ["[S]ection 1170.95 provides no relief for the crime of attempted murder."]; accord, *People v. Sanchez*, at p. 644 [The conclusion that "Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions . . . applies retroactively on direct appeal."].) Thus, even if we assumed that Senate Bill No. 1437 applied to convictions for attempted murder, the petitioning and resentencing procedures of section 1170.95 do not. Therefore, because defendant's appeal is from the denial of a section 1170.95 petition and not from the judgment, he is not entitled to any relief. The court properly denied his section 1170.95 petition.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                                                J.

We concur:

RAMIREZ _____
                P. J.

RAPHAEL _____
                J.

13